IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| STEPHEN P. HROBUCHAK, JR., | : | BANKRUPTCY NO.: 5-14-bk-02098-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| TRANSCONTINENTAL REFRIGERATED | : | {**Nature of Proceeding**: Complaint to |
| LINES, INC. BY LAWRENCE V. YOUNG, | : | Deny Discharge Pursuant to 11 U.S.C. |
| ESQUIRE, LIQUIDATING AGENT | : | §§ 523(a)(2), 523(a)(4), and 523(a)(6)} |
| | : | |
| PLAINTIFF | : | |
| | : | |
| vs. | : | |
| | : | |
| STEPHEN P. HROBUCHAK, JR., | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00092-JJT** |

# OPINION

Transcontinental Refrigerated Lines, Inc., (TRL), through its liquidating agent, Lawrence

V. Young, Esquire, has filed a Complaint seeking a finding that a certain federal court judgment

against the Debtor, Stephen P. Hrobuchak, Jr., (Hrobuchak), is non dischargeable.  (Doc. #1.)[1]

Initially, Hrobuchak was not represented in this dischargeability action.  When TRL moved for

summary judgment, Hrobuchak opted to retain counsel.  New counsel asked for leave to amend

the Answer and the Court, in accordance with Federal Rule of Civil Procedure 15(c), made

applicable by Federal Rule of Bankruptcy Procedure 7015, granted that request.  The Amended

Answer alleged that the Complaint was filed after the deadline to file a complaint had passed.

TRL again filed a Motion for Summary Judgment.  Among other arguments, TRL alleges that

---

[1] Docket references are to this adversary docket unless indicated otherwise.

[K:\Cathy\Opinions-Orders filed 2018\5-16-ap-00092-JJT_
Hrobuchak_Dischargeability_TRL pdf]

the defense of untimeliness was waived when the unrepresented debtor filed his first answer and did not raise timeliness as an affirmative defense. I dismiss that argument out of hand since there would be little point in allowing an amended answer to be filed if the ability to raise affirmative defenses was constrained. *Tokio Marine & Fire Ins. Co. Ltd. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2nd Cir. 1986). In fact, contemporaneous with the Answer filed by the pro se Debtor, in response to the Complaint, was a Motion for Sanctions arguing that the Complaint was untimely. (Doc. #5.)

The parties tacitly agreed that the Motion for Summary Judgment was not now appropriate since the parties disputed the material fact as to whether the Plaintiff had "actual knowledge" of Hrobuchak's bankruptcy in time to file a complaint objecting to dischargeability. This fact is determinative under 11 U.S.C. § 523(c)(3)(B). The parties agreed that I should proceed to trial on the sole material fact at issue as to whether the liquidating agent, Lawrence Young, Esquire, had actual knowledge of Hrobuchak's bankruptcy in time to file a timely complaint. (Audio Record of May 22, 2018 at 2:06 PM.) There was otherwise no significant disputes of material facts. Hrobuchak has conceded that should I conclude the Complaint is timely filed, then a judgment of nondischargeability could be entered since the District Court judgment against Hrobuchak was based on fraud. (Doc. #59 at p. 2.) This was subject to one reservation - that being whether the liquidating agent was guilty of laches for waiting so long to file a complaint even if timely filed in accordance with the Code and Rules. The parties have submitted both pre trial and post trial briefs and the matter is now ripe for adjudication.

While the facts are somewhat convoluted, I will summarize them as follows.

An Involuntary Chapter 7 Petition in Bankruptcy was filed against TRL on February 29,

2008 to bankruptcy case number 5:08-bk-50578, resulting in an adjudication and conversion to Chapter 11 on March 31, 2008. TRL's Plan was confirmed on November 16, 2009. On January 13, 2010, Lawrence Young, Esquire, an experienced bankruptcy practitioner, was appointed liquidating agent for TRL. (Bk. Case No. 5:08-bk-50578 at Doc. #384.) Pursuant to litigation initiated by the liquidating agent, a judgment was enter against this Debtor, Stephen P. Hrobuchak, Jr., on December 13, 2016 by the District Court for the Middle District of Pennsylvania in Civil Action No. 1:13-cv-2163-CCC.

During the pendency of that District Court litigation, an Involuntary Chapter 7 Petition was filed against Hrobuchak in this Court on May 1, 2014. That Petition was NOT filed by the liquidating agent, although Young was consulted by the petitioning creditor prior to the petition being filed. On October 23, 2014, Hrobuchak was adjudicated a Chapter 7 Debtor. (Bk. Case No. 5:14-bk-02098 at Doc. #34.) John Martin was appointed the Chapter 7 Trustee on November 19, 2014. (Bk. Case No. 5:14-bk-02098 at Doc. #39.) A request for stay of the adjudication of bankruptcy pending disposition of a Motion for Reconsideration by Hrobuchak was denied by this Court on December 9, 2014. (Bk. Case No. 5:14-bk-02098 at Doc. #55.) A § 341 meeting notice setting a March 10, 2015 deadline to object to discharge and dischargeability was mailed to creditors on January 2, 2015. (Bk. Case No. 5:14-bk-02098 at Doc. #76.) On appeal, the District Court issued a stay pending appeal on July 9, 2015. (Civil Case No. 3:15-cv-0077-ARC at Doc. #12.) The District Court dissolved that stay when the adjudication was affirmed and, contemporaneously, terminated the automatic stay, all of which occurred on January 27, 2016. (Bk. Case No. 5:14-bk-02098 at Doc. #109.)

On January 15, 2015, Hrobuchak's then-counsel, Robert P. Sheils, III, Esquire, uploaded

a creditor list presumably identifying TRL as a creditor.  (Bk. Case No. 5:14-bk-02098 at Doc. #72.)[2]  On January 24, 2015, the Bankruptcy Noticing Center, (BNC), sent out notice of the first meeting of creditors which included a deadline to object to dischargeability or discharge of March 10, 2015.  (Bk. Case No. 5:14-bk-02098 at Doc. #75.)  That notice was mailed to TRL at P.O. Box 536, Dalton, PA 18414-0536.  (Bk. Case No. 5:14-bk-02098 at Doc. #76.)  It is unknown why that address was utilized considering TRL was in a liquidating Chapter 11 with Lawrence Young, Esquire, of York, Pennsylvania, acting as liquidating agent.  Initially, Young denied being aware of the Hrobuchak bankruptcy until July 21, 2015, which was after the deadline to object to dischargeability.  (Doc. #53 at p. 3.)  Nevertheless, the parties now have stipulated that Young was aware of Hrobuchak's bankruptcy on November 19, 2014, when Young had telephonic contact with John Martin, Esquire, Hrobuchak's Chapter 7 Trustee.  (Doc. #75.)  In fact, however, in a pleading filed on August 20, 2014, in the District Court litigation and served on Young, an allegation is set forth that there was a pending involuntary bankruptcy against Hrobuchak in this Court, identifying this bankruptcy case docket.  (Civil Case No. 1:13-cv-2163-CCC at Doc. #126.)  Nevertheless, there is no evidence that Young ever received a written notice of the deadline to object to dischargeability.  The Complaint by Young on behalf of TRL was filed July 15, 2016.

Section 523(a)(3) of the Bankruptcy Code reads, in part, as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

. . .

---

[2]  A fact determined by comparing the list of creditors with the BNC Certificate of Service of Notice of the first meeting of creditors at Doc. #76.

(3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit–

      (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

      (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C.A. § 523 (West)

The parties agree that since this was debt arising under § 523(a)(2) and/or (a)(4), subsection (B) of § 523(a)(3) would apply. Therefore, if the creditor had "actual knowledge" of the case in time to file a dischargeability complaint, the debt is discharged.

Young admits that he was aware of the Hrobuchak bankruptcy over four months prior to the deadline to oppose dischargeability, yet waited over one year past that deadline to file this Complaint. In his latest briefing, he defends his delay by implying that neither he, nor TRL, were originally scheduled by Hrobuchak. (Doc. #77 at p. 4.) TRL, however, was listed 12 separate times on Hrobuchak's Schedule H as a codebtor and again as a party to a lawsuit against him, filed January 15, 2015. (Bk. Case No. 5:14-bk-02098 at Docs. #69 and #70.) TRL was listed on the original list of creditors filed January 15, 2015 to case number 5:14-bk-02098 at Doc. #72. Hrobuchak, however, acknowledges that the address listed for TRL on the original schedules may not have been a "viable address." (Doc. #78 at p. 3.) Accordingly, Hrobuchak does not challenge Young's assertion he was first made aware of the Chapter 7 adjudication when he spoke to Hrobuchak's Chapter 7 Trustee on November 19, 2014. Young advances,

however, that this "passing knowledge" of the bankruptcy does not rise to actual knowledge as used in § 523(a)(3)(B). (Doc. #77 at p. 7.) Young places heavy reliance on the bankruptcy case of *In re Durango Georgia Paper Co.,* 475 B.R. 755 (Bankr. S.D.Ga. 2004) where, under similar facts, the court extended a proof of claim deadline to the creditor. The essential reason why this case is not persuasive is that Federal Rule of Bankruptcy Procedure 3002(c) allows the court to set a new deadline for filing proofs of claim after the lapse of the original deadline. Rule 4007(c) does not provide that same flexibility for complaints objecting to dischargeability.

Young also argues that, without receiving written notice of the deadline to file complaints regarding dischargeability, he is not bound by it. This is not what the statute says. Section 532(c)(3)(B) states that the unscheduled debt is not dischargeable unless the creditor had notice *or actual knowledge of the case* in time for a timely request for a determination of dischargeability.

Young's argument that passing knowledge is not the equivalent of actual knowledge is not supported by case law. In *Medaglia*, creditor's counsel acknowledged in correspondence that debtor's counsel had advised creditor's counsel of the bankruptcy 57 days before the bar date. That was deemed actual knowledge. *In re Medaglia*, 52 F.3d 451, 455 (2nd Cir. 1995). In *Sam*, the creditor received a Notice of Automatic Stay 18 days prior to the bar date that was deemed actual knowledge. *Matter of Sam*, 894 F.2d 778, 781–82 (5th Cir. 1990). In *Green*, the creditor received documents disclosing the bankruptcy from creditor's counsel shortly prior to the bar date which was deemed actual knowledge. *In re Green*, 876 F.2d 854, 857 (10th Cir. 1989). In *Price*, a Notice of Injunction from debtor's counsel which mentioned debtor's bankruptcy received two months prior to the bar date was deemed actual knowledge. *In re*

*Price*, 871 F.2d 97, 99 (9th Cir. 1989). In *Alton*, a notice from debtor's counsel was determined to be actual knowledge. *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988).

Young has implied that the disposition of TRL's Objection to being named as a creditor in Hrobuchak's Amendment to Schedules somehow makes TRL's Complaint timely filed. In overruling that Objection to the Amendment, the Court did so without prejudice to the filing of a complaint regarding dischargeability. As the Supreme Court observed in *Kontrick*, leave of court and court-approved time extensions are completely different authorizations. *Kontrick v. Ryan*, 540 U.S. 449, 457, 124 S. Ct. 906, 911, 157 L. Ed. 2d 867 (2004).

Finally, Young also argues that I should apply equitable considerations in allowing the Complaint to stand. Our Third Circuit Court of Appeals has marginalized that argument by suggesting that "such a holding would interpose 'an equitable barrier between the debtor and his discharge that Congress simply did not enact in the Bankruptcy Code.'" *Judd v. Wolfe*, 78 F.3d 110, 116 (3rd Cir. 1996). Nevertheless, Young deserves an opportunity to demonstrate whatever equitable considerations he believes would affect the timeliness of the Complaint. *In re Weinberg*, 197 Fed. Appx. 182, 188 (3rd Cir. Sept. 19, 2006)(unpublished opinion). The arguments Young advances, however, are not compelling when given the opportunities that he had to review Hrobuchak's ongoing personal bankruptcy case during its pendency.

In fairness to Young, there is some authority that a telephonic contact from debtor's counsel to a creditor may not provide the due process that a party would have to participate in a reorganization, and thus, its claim would not be dischargeable. *Reliable Elec. Co. v. Olson Const. Co.*, 726 F.2d 620, 623 (10th Cir. 1984). *Olson* was not bound by the reorganization plan. As indicated earlier in this Opinion, however, the bankruptcy court does have discretion to

extend the deadline to file a claim even after an initial deadline has lapsed. That discretion is not available to a bankruptcy judge relative to a deadline to file complaints regarding dischargeability. *In re Price*, 79 B.R. 888, 890 (B.A.P. 9th Cir. 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989).

It is for all these reasons that judgment must be entered in favor of the Debtor/Defendant, Stephen P. Hrobuchak, Jr., and against the Plaintiff, Transcontinental Refrigerated Lines, Inc. by Lawrence V. Young, Esquire, Liquidating Agent.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: July 30, 2018